IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RANDY J. LENNON,

    Plaintiff,

v.

FRANKE MARTINEZ and STATE FARM MUTUAL INSURANCE COMPANY

    Defendants.

## NOTICE OF REMOVAL

COMES NOW Defendant Franke Martinez (misidentified in the state court proceedings as "Frank Martinez"), by and through undersigned counsel, John P. Craver and Conor D. Farley, of White and Steele, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court of the City and County of Denver, Colorado, to the United States District Court for the District of Colorado. In support thereof, Defendant states:

### I. CERTIFICATION

Defendant certifies that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), undersigned counsel has conferred with counsel for Plaintiff Randy Lennon and counsel for Co-Defendant State Farm Mutual Insurance Company ("State Farm"). Plaintiff objects to the removal of this lawsuit to the United States District Court for the District of Colorado. Co-Defendant State Farm does not object to removal.

## II. INTRODUCTION

1. This lawsuit arises out of a September 4, 2008 motor vehicle accident in which Plaintiff alleges he sustained severe and permanent injury when he was struck by a vehicle operated by Defendant Franke Martinez ("Martinez"). The motor vehicle accident is alleged to have occurred in front of Plaintiff's house located at 1017 E. 17th Avenue in the City and County of Denver, Colorado.

2. Plaintiff's Complaint was filed on October 15, 2010 in the District Court of the City and County of Denver, Colorado and is captioned *Randy J. Lennon v. Frank Martinez and State Farm Mutual Insurance Company*, Civil Action No. 2010-CV-8200. The Complaint appears to allege a single cause of action under the theory of negligence against Mr. Martinez. The Complaint also contains a single cause of action alleged against Co-Defendant State Farm seeking payment under Plaintiff's insurance policy for underinsured motorist coverage.

3. A copy of Plaintiff's Complaint and Jury Demand is attached as **Exhibit A**. A copy of the District Court Civil Cover Sheet for this action is attached as **Exhibit B**. A copy of Plaintiff's Notice to Elect Exclusion from Colo.R.Civ.P. 16.1 Simplified Procedure is attached as **Exhibit C**. A copy of the Summons and Return of Service for Mr. Martinez is attached as **Exhibit D**. A copy of the Summons and Return of Service for State Farm is attached as **Exhibit E**. The Entry of Appearance filed by counsel for State Farm is attached as **Exhibit F**. The Answer filed on behalf of State Farm is attached as **Exhibit G**. The Delay Reduction Order entered by the state court is attached as **Exhibit H**. The documents attached as **Exhibits A – H** constitute all of the pleadings, process, and orders served upon this Defendant. *See* 28 U.S.C. §

1446(a). A copy of the Notice of Filing and Removal, which is being filed contemporaneously with the District Court of the City and County of Denver, Colorado, is attached as **Exhibit I**.

### III. LEGAL STANDARD

4. "Except as otherwise expressly provided by Act of Congress, any civil action brought in the state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

6. The United States District Court for the District of Colorado is the appropriate court for the filing of a Notice of Removal of a lawsuit from the District Court of the City and County of Denver, Colorado as it is the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

7. The Defendant who seeks removal of a State court civil action must file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or

other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

### III. LEGAL ARGUMENT

Diversity of Citizenship

8. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

9. Plaintiff has averred in the Complaint filed in the state court action states that "the Plaintiff, Randy J. Lennon, is and was on September 4, 2008 a resident of the city and county of Denver, and still is a resident of Denver, Colorado." (**Exhibit A**, at ¶ 1.) Plaintiff has identified his current address as 1017 E. 17th Avenue, Denver, Colorado. (**Exhibit A**, at p. 3.) Since an allegation of residence is not *prima facie* evidence of the intent to remain in a state sufficient to establish domicile, and in light of the limited amount of information often available to a removing Defendant within thirty days of notice of the lawsuit, opinions from this Court allow the removing Defendant to "offer a wide range of publicly-available evidence to demonstrate a plaintiff's intent to remain in a particular location." *Nichols v. Golden Rule Ins. Co.*, No. 10-cv-00331-PAB-KMT, 2010 U.S. Dist. LEXIS 51357, at *9-13 (D. Colo. May 3, 2010). The publicly-available evidence suggested by the *Nichols* Court to demonstrate the intent to remain in a state include, but is not limited to, representations in public documents, an individual's length of time in a location as demonstrated by property records or other dealings, the absence of any immediate plans to relocated such as the offering for sale of the individual's

4

primary residence, the location of assets, and voter registration. *Id.*, at *11-12. "While no single piece of evidence will likely prove dispositive, each would assist a removing defendant in creating a reasonable basis upon which to believe that a plaintiff intends to remain in a state." *Id.*, at *12-13. Based upon publicly-available information, Mr. Lennon has lived in the State of Colorado since 1972. (*LexisNexis Comprehensive Person Report*, at p. 2-3; attached as **Exhibit J**.) Mr. Lennon purchased his house located at 1017 E. 17 Avenue, Denver, Colorado on April 27, 1995. (**Exhibit J**, at p. 4.) Mr. Lennon owns a 1999 Lexus model ES 300 with a State of Colorado registration. (**Exhibit J**, at p. 6.) Mr. Lennon is a registered voter within the State of Colorado with active status. (**Exhibit J**, at p. 3.) There is no publically available information that indicates Mr. Lennon has put his house up for sale. Further, there is no publically available information whatsoever that indicates Mr. Lennon has any intent other than to remain in Colorado. All statements, pleadings and records reasonably available to Defendants at this time demonstrate Plaintiff is a citizen of the State of Colorado.

10.  Defendant Martinez currently resides at 2001 Buena Vista Drive, in Pinole, California. (**Exhibit D**; **Exhibit E**; *Affidavit of Martinez*, attached as **Exhibit K**.) Mr. Martinez was served with the Summons and Compliant for this lawsuit within the State of California. (**Exhibit E**; **Exhibit K**.) Mr. Martinez was a resident of Pinole, California at the time of the subject motor vehicle accident. (**Exhibit K**.) Mr. Martinez intends to remain in the State of California (**Exhibit K**.) Accordingly, Mr. Martinez is a citizen of the State of California.

11.  For purposes of diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1).

5

12. Defendant State Farm Mutual Insurance Company is an entity formed or registered under the law of the State of Illinois. (*Colorado Secretary of State Certificate of Good Standing*, attached as **Exhibit L**.) Defendant State Farm Mutual Insurance Company has its principle place of business in Bloomington, Illinois. (*Illinois Articles of Association*, attached as **Exhibit M**; *State Farm Corporate Headquarters Contact Information*, attached as **Exhibit N**.) Defendant State Farm Mutual Insurance Company is a citizen of the State of Illinois.

13. Complete diversity of citizenship exists among the parties.

Amount in Controversy

14. The amount in controversy must be determined by the allegations contained in the Complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

15. Plaintiff's Complaint does not quantify the amount of damages sought in the lawsuit. Counsel for Plaintiff has refused to stipulate that the amount of damages sought or the amount in controversy in this lawsuit exceeds $75,000. Despite repeated and unequivocal requests from Mr. Martinez's insurer for a calculation of Mr. Lennon's medical bills attributed to the motor vehicle accident, status of Mr. Lennon's medical condition, and a settlement demand with supporting documentation, counsel for Plaintiff has not provided such information. (*Safeco Insurance Correspondence dated 9/19/08 – 11/10/10*, attached as **Exhibit O**.)

16. However, the information available to Defendant Martinez at this time based upon the allegations of the Complaint and other documents is sufficient to demonstrate that the amount in controversy exceeds $75,000.

17. Correspondence from counsel for Plaintiff to the insurer for Defendant Martin states that Mr. Lennon sustained "severe injuries" in the underlying motor vehicle accident. (*9/18/08 Correspondence from Plaintiff's Counsel*, attached as **Exhibit P**.)

18. Plaintiff's Complaint alleges Mr. Lennon has "suffered permanent injury to his neck, back, brain and nervous system and ongoing pain and physical impairment." (**Exhibit A**, at ¶ 9.) Further, the Complaint expressly identifies damages sought for:

1. Past and future pain and suffering;
2. Past and future loss of enjoyment of life;
3. Past and future medical expenses;
4. Past and future loss of earning capacity and earnings;
5. Damages for physical impairment and disfigurement;
6. All economic, non-economic, and physical impairment damages available under common law or statute in Colorado not otherwise described;
7. Interest from the date of the accident and costs;
8. The Plaintiff reserves the right to exemplary damages [*sic*] for Defendant's willful and wanton misconduct after discovery in this case has been had.

(**Exhibit A**, at p.3.)

19. Plaintiff's averment in the State of Colorado District Court Civil Case Cover Sheet ("Civil Case Cover Sheet") states that he is seeking a monetary judgment for more than $100,000.00 against another party. (**Exhibit B**.) Additionally, Plaintiff reiterated his intention to opt-out of simplified procedure and its $100,000.00 limit on damages through a separate pleading captioned "Notice to Elect Exclusion from C.R.C.P. 16.1 Simplified Procedure." (**Exhibit D**.) While a number of cases from this Court have held that reliance *solely* on the Civil Case Cover Sheet is insufficient to establish the amount in controversy, undersigned counsel is unaware of decisions from this Court holding that the Civil Case Cover Sheet may not be

7

considered in connection with other jurisdictional amount in controversy allegations, such as the allegations set forth above in Paragraph 17 and 18 of this Notice of Removal.

20. In fact, a recent Opinion of this Court stated that "[w]hile it is true that the Civil Case Cover Sheet, by itself, is insufficient to establish the requisite amount in controversy, here, the cover sheet in combination with the Complaint suggests to the Court – and should have suggested to Defendant – that Plaintiff's claims reasonably amounted to a monetary judgment exceeding $75,000." *Vargas v. Nash-Finch Co, d/b/a Avanza Supermarket*, No. 10-cv-00259, 2010 U.S. Dist. LEXIS 16282, at *4 (D. Colo. February 11, 2010). The only additional factors beyond the Civil Case Cover Sheet relied upon by the Court in *Vargas* to determine an amount in controversy exceeding $75,000 were allegations in the Complaint addressing unquantified categories of damages related to personal injury similar to those contained in Mr. Lennon's Complaint.[1] *See also McPhail v. Deere & Co.*, 529 F.3d 947, 956-57 (10th Cir. 2008) (stating that allegations regarding "severe bodily injuries" and "permanent and progressive injury" may be sufficient on the face of a Complaint to support removal).

21. Additional evidence that Plaintiff is seeking an amount of damages in excess of $75,000 is found in the cause of action asserted against Co-Defendant State Farm. (**Exhibit A**, at ¶¶ 11 - 12.) Plaintiff has alleged that he was insured by State Farm for Underinsured Motorist coverage in the amount of $100,000 and seeks damages against State Farm "to the extent his injuries are not covered by damages recovered from the Defendant Frank Martinez and/or his

---

[1] The underlying Complaint in *Vargas* included alleged damages for "serious injuries, damages, and losses, including without limitation, shoulder injury with associated surgery, permanent physical injury, permanent impairment, aggravation of pre-existing condition, loss of income in the past and in the future, physical and mental pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life." 2010 U.S. Dist. LEXIS 16282, at *4. The Court also stated that Plaintiff's demand for damages in "an amount that will fully and fairly compensate Plaintiff for her injuries, damages, and losses, plus interest from the date of the incident, costs and expenses, expert witness fees, [and] attorneys' fees…" was a factor establishing the amount in controversy exceeded $75,000. *Id.*

insurance carrier." (**Exhibit A**, at ¶¶ 11 - 12.) The Safeco Insurance Policy held by Defendant Martinez provides bodily injury coverage in the amount of $500,000 per person. (**Exhibit Q**.) As Plaintiff has no direct cause of action against Defendant State Farm for the injuries alleged in this lawsuit, the claim asserted against State Farm can only be maintained if Plaintiff has a good faith belief that Mr. Martinez is "underinsured." The amount of insurance coverage indicated by the declaration page of Mr. Martinez's insurance policy, coupled with the cause of action asserted against State Farm, further demonstrates that Plaintiff is seeking an amount in excess of $75,000.

Conclusion

22.     This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint on the Defendant and is timely under 28 U.S.C. § 1446(b). There is complete diversity among the parties and the amount in controversy exceeds $75,000. Accordingly, jurisdiction is proper in this Court.

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court of the City and County of Denver, Colorado, and a copy has been served on Plaintiff and Co-Defendant as indicated on the attached Certificate of Service.

WHEREFORE, Defendant Franke Martinez respectfully requests that the United States District Court for the District of Colorado accept this Notice of Removal, that it assume jurisdiction of this case and issue such further orders and processes as may be necessary to bring before all parties for the trial hereof.

Respectfully submitted this 8th day of December, 2010.

s/ Conor D. Farley
John P. Craver, #11242
Conor D. Farley , #38999
White and Steele, P.C.
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:	303-296-2828
Facsimile:	303-296-3131
Email:	jcraver@wsteele.com
	cfarley@wsteele.com
ATTORNEYS FOR DEFENDANT
FRANKE MARTINEZ

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2010, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel and sent via United States Postal Service, postage prepaid and correctly addressed to the following:

Joseph J. Archuleta, Esq. (#19426)
Law Offices of Joseph J. Archuleta and Associates, P.C.
1724 Ogden Street
Denver, CO 80218
ATTORNEY FOR PLAINTIFF

Lloyd C. Kordick, Esq. (#6298)
Lloyd C. Kordick & Associates, P.C.
805 South Cascade Avenue
Colorado Springs, CO 80903
ATTORNEY FOR PLAINTIFF


Thomas J. Jirak, Esq. (#9783)
Stuart S. Jorgensen & Associates
11080 Circle Point, Suite 400
Westminster, CO 80020
ATTORNEY FOR DEFENDANT
STATE FARM MUTUAL INSURANCE COMPANY


                                                        s/Conor D. Farley
John P. Craver, #11242
Conor D. Farley, #38999
White and Steele, P.C.
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone: 303-296-2828
Facsimile: 303-296-3131
Email: jcraver@wsteele.com
cfarley@wsteele.com
ATTORNEYS FOR DEFENDANT
FRANKE MARTINEZ