IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02981-CMA-CBS

RANDY J. LENNON,

    Plaintiff,

v.

FRANKE MARTINEZ and
STATE FARM INSURANCE CO.

    Defendants.

## ORDER GRANTING MOTION TO REMAND

This is a personal injury case. It is before the Court on Plaintiff's Motion to Remand to Denver District Court (Doc. # 10). For the following reasons, the Court grants the motion:

### BACKGROUND

On October 15, 2010, Plaintiff filed a lawsuit in the District Court for the City and County of Denver, Colorado. (*See* Doc. # 5.) He named two Defendants: Franke Martinez[1] and State Farm Insurance, Co. (*See id.*) He alleges, among other things, that, while unloading luggage from an airport shuttle, he was struck by a vehicle driven by Martinez. Plaintiff seeks damages from Martinez and Plaintiff's insurance carrier, State Farm.

---

[1] The complaint misidentified the defendant as "Frank Martinez." (Doc. # 3 at 1.)

**DISCUSSION**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. It states in part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ." 28 U.S.C. § 1446(b).

State Farm was served with copies of the complaint and summons on November 2, 2010. (Doc. # 6.) Martinez was served on November 8, 2010. (Doc. # 7.) Martinez filed the Notice of Removal on December 9, 2010, thirty-one days after service.[2] *See* Fed. R. Civ. P. 6.[3] Accordingly, Martinez's removal was defective under 28 U.S.C. § 1446(b). *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999) (stating that the failure to comply with the express statutory requirements for removal can render the removal defective and justify a remand).

"While compliance with the removal time limit is not a jurisdictional prerequisite the requirement is mandatory and may be insisted upon, absent waiver, by the party seeking remand." *Adams v. Western Steel Buildings, Inc.*, 296 F. Supp. 759, 761

---

[2] Although the Notice of Removal is dated December 8, 2010, the filing fee was not paid, and the case not opened, until December 9, 2010. (Doc. # 3-16.) Accordingly, for purposes of 28 U.S.C. § 1446(b), the case was filed on December 9, 2010.

[3] There is a split in authority regarding whether the thirty-day period for filing a Notice of Removal begins when the first defendant in a case is served or when the last defendant is served. *See Fagin v. Day*, No. 07-cv-00426-WDM-MJW, 2007 WL 2990620, *2 (D. Colo. October 11, 2007) (applying first-served rule after noting policy considerations in favor of it). It makes no difference in this case. Under either rule, Martinez's Notice of Removal is untimely.

(D. Colo. 1969) (citations omitted).  Here, although Plaintiff did not object to the removal on grounds that it was untimely,[4] the Court, given the presumption against removal,[5] nevertheless remands the case to state court.  *See Antares Oil Corp. v. Jones*, 558 F. Supp. 62 (D. Colo. 1983) (remanding action when notice of removal was filed thirty-one days after service of process).

## CONCLUSION

Accordingly, Plaintiff's "Motion to Remand to Denver District Court" (Doc. # 10) is GRANTED.  This case is REMANDED to the District Court for the City and County of Denver, Colorado.

DATED:  January   31  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] (*See* Doc. # 10.)

[5] "Removal statutes are to be strictly construed, . . . and all doubts are to be resolved against removal.  *Fajen v. Found. Reserve Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted); *See also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.").